IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RALPH GENE LILLEY,                )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 09-cv-0319-MJR-PMF
                                  )
DAIMLER CHRYSLER CORPORATION -    )
UAW PENSION PLAN,                 )
                                  )
            Defendant.            )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

On April 24, 2009, Ralph Gene Lilley (who worked for over ten years for Daimler Chrysler or its predecessors) filed the above-captioned lawsuit in this Court, naming a single defendant – "Daimler Chrysler Corporation - UAW Pension Plan" (Defendant). Based on ERISA and invoking subject matter jurisdiction under the federal question statute (28 U.S.C. § 1331), the action challenges Defendant's handling of Lilley's July 2008 claim for "Total Disability Retirement" benefits. Specifically, Lilley alleges that Defendant violated 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f)(3) in failing to timely notify Lilley of a decision on his benefits application and unjustifiably refusing to pay the benefits owed under the employee benefit plan. Lilley asks this Court for de novo review of Defendant's "denial of his claim" (Doc. 2, ¶ 17).

Defendant was served on May 6, 2009 but failed to timely move, answer, or otherwise plead in response thereto by the May 26, 2009 deadline. On June 3, 2009, this Court issued a Notice of Impending Dismissal (Doc. 5) directing Lilley to take action by June 23, 2009 – i.e., move for a clerk's entry of default against Defendant or have the case dismissed for failure to prosecute.

On June 9, 2009, Lilley filed an "Application for Default Judgment Under FRCP 55" (Doc. 6). That pleading was captioned as a motion seeking default *judgment* and purported to delineate the damages to which Lilley is entitled. Because default *judgment* is not available under Federal Rule of Civil Procedure 55(b) until a plaintiff has secured a *clerk's entry of default* under Rule 55(a), the Clerk's Office of this Court construed Doc. 6 as a motion for the latter.

1

On June 10, 2009, the Clerk's Office made an entry of default against Defendant (Doc. 7). Three hours later, Lilley's counsel moved to stay all proceedings herein "in the event that an automatic stay under 11 U.S.C.A. § 362 is in effect and applies" to Defendant in this action (Doc. 8). Apparently, Lilley just received notice that an entity *similar* to Defendant – "Chrysler LLC" – has filed a voluntary petition for structured bankruptcy under Chapter 11 of the Bankruptcy Code. Uncertain whether that bankruptcy proceeding extends to the named Defendant herein and needing additional time to answer that question, Lilley asks this Court to do two things: (1) stay all proceedings in this case, and (2) vacate the clerk's entry of default which Lilley requested on June 9, 2009.

The Court **DENIES** Lilley's motion (Doc. 8) without prejudice to Lilley's right to re-file a similar motion at a later date. First, the Court emphasizes that a default judgment has not yet been entered against Defendant. All Lilley has obtained is a clerk's entry of default under Rule 55(a). A clerk's entry of default is an official recognition that a defendant failed to respond to a properly served complaint. Of course, a defaulting party is deemed to have admitted all well-pled allegations of the complaint, thereby limiting his ability to defend the lawsuit. And under appropriate circumstances, parties (usually the defaulted defendant) can move to "set aside" the entry of default.

Rule 55(c) authorizes district courts to set aside entries of default "for good cause." The problem here is that Lilley suggests that good cause may (*or may not*) exist; Lilley needs time to ascertain which is true. Lilley moves to set aside the entry of default it just secured and stay this entire case based on the "possible" application of 11 U.S.C. § 362. The record currently before the Court does not warrant either avenue of relief Lilley requests – setting aside the default entry *or* staying this entire case.

Rather than taking those steps, the Court hereby **DIRECTS** Lilley to file a Status Report or a Motion to Stay <u>by July 27, 2009</u>. This 45-day period should permit Lilley sufficient time to determine whether Chrysler LLC's bankruptcy petition applies to the named Defendant in this action.

IT IS SO ORDERED.

DATED this 11th day of June 2009.

s/Michael J. Reagan<br>
MICHAEL J. REAGAN<br>
United States District Court