IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RALPH GENE LILLEY, )
)
        Plaintiff, )
)
vs. ) Case No. 09-cv-0319-MJR-PMF
)
DAIMLER CHRYSLER CORPORATION – )
  UAW PENSION PLAN, )
)
        Defendant. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Ralph Lilley worked for Chrysler Corporation (and its successors) as a member of the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") for over 10 years. In April 2009, he filed suit in this Court challenging the denial of his July 2008 claim for total disability retirement benefits. The named Defendant is the employee benefit plan under which Lilley applied for those benefits: Daimler Chrysler - UAW Pension Plan ("DCUPP").

Served on May 6, 2009, DCUPP failed to timely move, answer or otherwise respond to the complaint by the May 26, 2009 deadline. On June 9, 2009, Lilley filed an "Application for Default Judgment" herein (Doc. 6). Since default *judgment* is not available under Federal Rule of Civil Procedure 55(b) until a plaintiff obtains a *clerk's entry of default* under Rule 55(a), the Clerk's Office of this Court construed Lilley's application as a motion for clerk's entry of default and granted it on June 10th.

-1-

Two days later, DCUPP moved to set aside the clerk's entry of default (Docs. 10, 11). Lilley opposes the motion to set aside (see Doc. 15). Enjoying subject matter jurisdiction under the federal question suit, the Court now resolves the pending motion. Analysis begins with the applicable legal standard.

Federal Rule of Civil Procedure 55(c) allows a court to set aside a clerk's entry of default "for good cause." FED. R. CIV. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 385 (7th Cir. 2008). The Rule does not delineate precisely what constitutes "good cause." But the Seventh Circuit has explained:

> Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect."

*Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).

Other cases have described with more specificity what satisfies this standard. Put simply, three requirements must be met to support the judicial action of setting aside the entry of default. To prevail on a Rule 55(c) motion to set aside, the movant must demonstrate (1) good cause for his default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 809-10 (7th Cir.), *cert. denied*, 127 S. Ct. 2941 (2007); *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

And clearly the standard for setting aside a clerk's *entry of default* is

lenient and "gives the court greater freedom in granting relief than is available in the case of default judgments." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), *quoting* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2692 at 88 (3d ed. 1998).

This Court has considered the ample record before it (including the 78 pages of material submitted in support of the motion to set aside, *see* Doc. 11). DCUPP has satisfied the lenient standard for setting aside a clerk's entry of default.

First, DCUPP has tendered a reasonable explanation for its default (*i.e.*, DCUPP believed that Chrysler LLC's bankruptcy filing automatically stayed this matter "pending a determination of which actions were within the scope of the bankruptcy" and that notice of the bankruptcy filing had already been sent to Lilley's counsel herein.

Second, DCUPP – who never received Lilley's motion for default or the Clerk's entry of default – took quick action to correct the default. Within two days of discovering the entry of default herein when reviewing the docket sheet via the cm/ecf system, DCUPP moved to set the entry of default aside.

Third, DCUPP has outlined (or made a "sufficient showing" of) meritorious defenses to the complaint (e.g., res judicata or collateral estoppel may bar Lilley's claim, and DCUPP also maintains that Lilley is not entitled to benefits under the terms of the Plan). The purpose and intent of Rule 55(c) have been fulfilled. *See Cracco*, 559 F.3d at 631. Therefore, the Court hereby **GRANTS** Defendant's motion (Doc. 10) and **SETS ASIDE** the clerk's entry of default (Doc. 7).

One final note. Both parties have suggested that this action may be subject to an automatic bankruptcy stay triggered by a bankruptcy filing by "Chrysler LLC." The record before the undersigned Judge remains less than crystal clear as to whether the named Defendant herein is the proper, true or full name of the Plan in question, and whether this action falls within scope of 11 U.S.C. § 362.

The Court's June 11th Order (Doc. 9) gave Plaintiff Lilley until July 27, 2009 to ascertain whether the bankruptcy stay applies to this case and file a status report or a motion to stay. The Court now invites defense counsel to take action (i.e., file a Suggestion in Bankruptcy or other appropriate pleading) *before* that deadline, if he possesses superior information as to the application of the automatic bankruptcy stay provisions to this case.

IT IS SO ORDERED.

DATED this 2nd day of July 2009.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Court